FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

97 FEB 20 PM 3: 45

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **DERRICK RENARDO DENNIS,** ] | |
| ] | |
| Plaintiff(s), ] | |
| ] | CV-96-N-8059-S |
| vs. ] | CR-91-N-0220-S |
| ] | |
| **UNITED STATES OF AMERICA,** ] | |
| ] | |
| Defendant(s). ] | |

ENTERED
FEB 20 1997

### Order of Dismissal

In accord with the Memorandum of Decision, entered contemporaneously herewith, it is hereby **ORDERED** that the Motion to Vacate conviction and sentence be and it is **DENIED**.

Done, this 20th of February, 1997.

_____
Edwin L. Nelson
United States District Court

FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

97 FEB 20 PM 3: 45

U.S. DISTRICT COURT
N.D. OF ALABAMA

**DERRICK RENARDO DENNIS,**  ]
]
Plaintiff(s),  ]
]  CV-96-N-8059-S
vs.  ]  CR-91-N-0220-S
]
**UNITED STATES OF AMERICA,**  ]
]
Defendant(s).  ]

ENTERED
FEB 20 1997

### Memorandum of Decision

Relying upon the decision of the United States Supreme court in *Bailey v. United States*, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Derrick Renardo Dennis, pursuant to 28 U.S.C. § 2255, moves the court to vacate his conviction and sentence for having violated section 924(c)(1) of Title 18, United States Code. He asserts first that the evidence did not support a finding that he actively employed a firearm in connection with a drug trafficking offense in order to support his conviction under the "use" prong of the statute and second, that though he could have been shown to have "carried" a firearm, the jury was not properly instructed on the "carry" prong. The motion to vacate will be denied.

Mr. Dennis and three others were charged and convicted on one count of conspiracy to possess with intent to distribute controlled substances and one count of possession with intent to distribute controlled substances. A third count charged that each of the four defendants, aided and abetted by the others, *used* and *carried* a firearm during and in relation to a drug trafficking offense. On the firearms count, the jury was instructed:

Count Three charges the defendants with violating Title 18, United States Code, Section 924(c)(1). That section makes it a separate federal crime or offense for anyone to use or carry a firearm during and in relation to the commission of some federal drug-trafficking crime.

A defendant can be found guilty of that offense if all of the following facts are proved beyond a reasonable doubt:

First, that the defendant committed one of the drug-trafficking crimes charged in Counts One or Two;

Second, that the defendant knowingly used or carried the firearm described in the indictment while committing such drug-trafficking crime.

A Smith & Wesson .38-caliber pistol of the type described in the indictment would be a "firearm" within the meaning of that law.

In *Bailey,* the Supreme Court held that a conviction under the "use" prong of section 924(c)(1) may be had only upon evidence sufficient to show an active employment of the firearm by the defendant. This motion is due to be denied for at least two distinct reasons. First, at the time of the arrest of himself and his co-defendants at or near the scene of the drug crimes for which they were all convicted, Mr. Dennis, who was "covering the deal," was seen to pull the subject firearm from his pocket, walk through a parking lot, and finally to place the weapon on a parked car. It contained six rounds of ammunition. The evidence was such that the jury could easily have inferred that Mr. Dennis, although briefly, intended to use the firearm in furtherance of his duties as a "cover" for the drug transaction and, thus, "used" it. Second, the United States Court of Appeals for the Eleventh Circuit since *Bailey* has held that a defendant who carries a firearm in his vehicle to facilitate a drug trafficking offense may be found guilty under the "carry" prong of section 924(c)(1). *United States v. Farris,* 77 F.3d 391 (11th Cir. 1996). Without doubt, Mr. Dennis "carried" the

firearm on his person during and in relation to the drug trafficking crimes for which he was convicted. Finally, the court properly instructed the jury that the petitioner could be convicted if it found beyond a reasonable doubt that he "carried" the firearm in connection with the drug crimes. For these reasons, the motion to vacate under 28 U.S.C. § 2255 will be **DENIED**.

Done, this 20th of February, 1997.

_____
Edwin L. Nelson
United States District Court

- 3 -